IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANA SHULLER, | : | CIVIL NO. 3:14-CV-2053 |
| | : | |
| Plaintiff, | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| JOHN E. WETZEL, SECRETARY OF CORRECTIONS, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Presently before the court is a civil rights complaint (Doc. 1) pursuant to 42 U.S.C. § 1983, filed by Diana Shuller ("plaintiff"), a state inmate imprisoned at the State Correctional Institution at Muncy ("SCI-Muncy"), Pennsylvania. (Doc. 1). The sole defendant is John E. Wetzel, Secretary of the Pennsylvania Department of Corrections. She seeks to proceed *in forma pauperis*. (Doc. 2). Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I. **Standard of Review**

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and seek to proceed *in forma pauperis*. Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides for the dismissal of

complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion, the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).

Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II.     Allegations of the Complaint

Plaintiff alleges that she has been confined at SCI-Muncy since June 21, 2012. (Doc. 1, at 2.) Purportedly, "no record exists for plaintiff to be legally incarcerated." (Id.) She is seeking to be released from imprisonment. (Id. at 3).

## III.    Discussion

Inasmuch as plaintiff is seeking to be released from custody, such claim is not plausible as a civil rights claim as dictated by the teachings of the United States Supreme Court in Preiser v. Rodriguez, 411 U.S. 475, 488–490 (1973), and subsequent cases interpreting that opinion. In Preiser, the plaintiffs were state prisoners who were deprived of good-time credits as a result of disciplinary proceedings; they sought injunctive relief restoring their good-time credits, which would have resulted in their immediate release from confinement. In making its ruling in Preiser, the Court was called upon to determine the proper relationship between the Civil Rights Act and the federal habeas corpus statute, 28

3

U.S.C. § 2254. The Court concluded that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500. Because plaintiff's sole remedy would be her release from custody, the complaint is not properly brought as a civil rights action and is subject to dismissal.

## IV. Conclusion

Based on the foregoing, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District

Dated:      November 3, 2014